UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTINA MCCANN, et al.,

     Plaintiffs,

     v.

WESTERN AGRICULTURAL INSURANCE
COMPANY,

     Defendant.

Case No. 25-2688-DDC-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on the parties' Agreed Motion to Modify Scheduling Order. (ECF 31.) By way of this motion, the parties seek an extension of the scheduling-order deadlines related to discovery completion, submission of the proposed pretrial order, the pretrial conference setting, and filing dispositive and *Daubert* motions. As explained below, the parties' motion is denied because they have not shown good cause for any extension.

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that the scheduling-order deadlines could not be met despite diligent efforts. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019). The good-cause requirement "obligates the moving party to provide an adequate explanation for any delay" and show diligent efforts to meet the deadline imposed. *Id.* at 988. Courts are more likely to find good cause when the moving party has been generally diligent and the need for additional time was neither foreseeable nor the fault of the moving party. *Id.* at 989. However, carelessness or "failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation" are not compatible with a

finding of good cause. *Id.* The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

The parties have not demonstrated that they have been diligent in attempting to meet the current scheduling-order deadlines. The court already allowed a lengthy discovery period for this case. The parties were free to begin discovery by January 16, 2026, at the latest. *See* FED. R. CIV. 26(d)(1) (parties may seek discovery after the Rule 26(f) conference in most cases). This should have been an adequate time period for the parties to complete discovery if they had been diligent throughout the discovery period. But, in the past six months of discovery, the docket reflects that the parties have only exchanged written discovery and scheduled the depositions of the two plaintiffs.

The parties' motion states that they "require additional time to complete discovery, and in particular, to complete several party and third-party witness depositions," but this reason does not demonstrate good cause for an extension. The motion does not explain why the parties did not begin their deposition discovery planning earlier to ensure they could finish deposing the witnesses by the July 17 discovery deadline. Under these circumstances, the court cannot conclude that the parties have been diligent in meeting the scheduling-order deadlines. Therefore, the parties have not demonstrated good cause to amend the scheduling order.

That said, the parties are free to stipulate to conducting discovery after the discovery deadline, so long as any ongoing discovery does not interfere with other court-imposed deadlines or delay the briefing of or ruling on dispositive motions or other pretrial preparations. *See Eppley v. SAFC Biosciences, Inc.*, No. 20-2053-TC-ADM, 2020 WL 7353865, at *2 (D. Kan. Dec. 15, 2020) (Rule 29(a) allows the parties to stipulate to depositions occurring after the discovery deadline). The court urges the parties to utilize such stipulations to move this case forward.

However, under these circumstances the court will not be available to resolve any disputes that may arise during the course of such extended discovery.

In addition, the state of affairs has made it impractical to proceed with any pretrial-conference-related activities or dispositive motions.  Accordingly, the court vacates the deadline to submit a proposed pretrial order, cancels the pretrial conference, and vacates the deadline to file dispositive motions and motions challenging admissibility of expert testimony.  In addition, because the trial date is based off the dispositive-motion deadline (to give the court time to rule dispositive motions sufficiently in advance of trial), the court vacates that setting as well.  The parties are incorrect in their understanding that the trial date can remain unchanged despite extending the other case deadlines.  The court orders the parties to file, by **August 3, 2026,** a joint status report as to when they anticipate discovery will be complete, including firmly-scheduled dates for all remaining depositions.  Upon receipt of that report, the court will reset the vacated deadlines and reschedule the pretrial conference.  And, once the court enters the pretrial order, it will reset the trial date.

**IT IS THEREFORE ORDERED** that the parties' Agreed Motion to Modify Scheduling Order (ECF 31) is denied.

**IT IS FURTHER ORDERED** that the current deadlines to submit a proposed pretrial order, file dispositive motions, and file motions challenging admissibility of expert testimony are vacated; the pretrial conference is cancelled; the trial setting is vacated.

**IT IS FURTHER ORDERED** that the parties must file, by **August 3, 2026,** a joint status report as to when they anticipate discovery will be complete, including firmly-scheduled dates for all remaining depositions.

**IT IS SO ORDERED.**

3

Dated July 21, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge